IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00021-MSK-NYW

ARTHUR McKEE WISEHART,

        Plaintiff,

v.

ARTHUR DODSON WISEHART, a/k/a ARTHUR D.
WISEHART, ARTHUR WISEHART, ART WISEHART,
WISEHART SPRINGS INN, a/k/a WISEHART SPRINGS
INN, INC., AND CHARLES WINSTON WISEHART,
a/k/a C. WINSTON WISEHART,

        Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 07 2019**

JEFFREY P. COLWELL
CLERK

---

### NOTICE OF APPEAL

---

**NOTICE IS HEREBY GIVEN THAT** Arthur McKee Wisehart, the plaintiff, appearing *pro se*, in the above entitled litigation hereby files this Notice of Appeal to the United States Court of Appeals for the Tenth Circuit, in accordance to Rules 3 (a)(1), and 4(a)(1)(A) of the Federal Rules of Appellate Procedure from the Opinion and Order filed on March 5, 2019, Doc. No. 196, denying the Summary Judgment Motion filed by plaintiff on August 28, 2018, Doc. No. 127, annexed hereto as Exhibit 1;

    **AND**,

    **PLEASE TAKE FURTHER NOTICE THAT** plaintiff appeals from each and every part of the Opinion and Order filed on March 5, 2019, and also from each and every part of the District Court Record, incorporated by reference herein, in accordance with the Due Process Clause, and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, and in

accordance with the Free Speech rights to which plaintiff is entitled under the First Amendment of the

Constitution of the United States in the United States District Court.

Dated:  March 6, 2019

Respectfully submitted,

Arthur McKee Wisehart
229 Court Street
Hoboken, New Jersey 07030
201.683.3858; wisehartam@aol.com

Plaintiff *Pro Se*

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 18-CV-0021-MSK-NYW

ARTHUR MCKEE WISEHART,

     Plaintiff,

v.

ARTHUR DODSON WISEHART,
WISEHART SPRINGS INN, and
CHARLES WINSTON WISEHART,

     Defendants.

---

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Summary Judgment (# 127), the Defendants' Response (# 173), and the Plaintiff's Reply (# 175). For the following reasons, the Motion is denied.

### I.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1332.

### II.   BACKGROUND

Only a summary of certain facts is relevant for resolution of the pending motion. Plaintiff Arthur McKee Wisehart[1] is the father of both Defendants Arthur Dodson Wisehart and Charles Winston Wisehart. Because all these parties share the same surname, they will be identified by

---

[1] Mr. Wisehart appears *pro se*. In his Complaint (**#1**), he states that he is a law school graduate. Ordinarily, when parties appear *pro se*, their pleadings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, when parties are trained as attorneys, liberal construction is not required. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001); *Porta v. OPM*, 580 F. App'x 636, 640 n.2 (10th Cir. 2014).

1

their roles in this lawsuit — the Plaintiff and the Defendants.

The dispute arises from issues of ownership of certain real property in Paonia, Colorado on which the Wisehart Springs Inn sits.  The Complaint alleges that contrary to the Plaintiff's ownership interest[2] in the property, the Defendants are operating and advertising the Wisehart Springs Inn as a family owned Bed and Breakfast.

The Complaint asserts three claims: two under various provisions of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, based on the predicate offenses of "fraudulent concealment" and "fraud and deceit" (# **43 at 34, 45**), and a third cause of action for unjust enrichment.

The Plaintiff moves for summary judgment on all claims (# **127**).  The Defendants moved to strike the Motion as violative of the Court's rules (# **147**).  The Court denied the motion to strike (# **177**).  The Defendants' Response (# **173**) mirrors the motion to strike and does not substantively respond to the arguments raised by the Plaintiff.

### III.    LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis*

---

[2]  The Plaintiff maintains he owns the property and the Defendants maintain it is owned by the Dorothy Rice Wisehart Trust (Trust) created by the Plaintiff's mother. The Court notes that in Case No. 16-CV-0661, Judge Jackson determined that the property belongs to the Trust, and this determination was affirmed by the Tenth Circuit on appeal. *Lipin v. Wisehart*, — F. App'x —, 2019 WL 244727 (10th Cir. 2019).

*Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).   A factual dispute is "genuine"

and summary judgment is precluded if the evidence presented in support of and opposition to the

motion is so contradictory that, if presented at trial, a judgment could enter for either party.   *See*

*Anderson*, 477 U.S. at 248.   When considering a summary judgment motion, a court views all

evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.

*See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.   *See* Fed. R. Civ. P.

56(c)(1)(A).   Once the moving party has met its burden, to avoid summary judgment the

responding party must present sufficient, competent, contradictory evidence to establish a genuine

factual dispute.   *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991);

*Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).   If there is a genuine dispute as to a

material fact, a trial is required.   If there is no genuine dispute as to any material fact, no trial is

required.   A court then applies the law to the undisputed facts and enters judgment.

## IV.   DISCUSSION

As noted, the Amended Complaint contains three claims for relief – two claims brought

pursuant to RICO and an unjust enrichment claim. The Plaintiff seeks summary judgment on all

claims, but the Motion is devoid of any mention or support for the claim based on unjust

enrichment.   Accordingly, the Court construes the Motion to seek summary judgment on the

RICO claims.

The Motion also includes multiple requests unrelated to summary judgment such as (1) for

the disqualification of opposing counsel (**# 127 at 2–8**); and (2) denial of the Defendants' motion

for leave to add parties (**# 127 at 9–11**).   Because these issues do not bear on the question of

whether entry of a summary judgment is proper, they will not be addressed, and both are denied.[3]

In addition, the Motion devotes substantial argument to potential claims that have never been asserted: abuse of process (**# 127 at 16–23**), trespass (**# 127 at 24–25**), theft of and trespass on land held by a corporation (**# 127 at 28–29**), theft of assets (**# 127 at 29–30**), and participation in assisted suicide (**# 127 at 30–31**). Although the Motion refers to the Amended Complaint with these contentions, the citations do not correlate with such claims. Indeed, the Amended Complaint, as detailed above, contains only three claims against the Defendants, none of which relate to such allegations. To the extent that the argument in the Motion was intended to introduce new claims, the Court denies the request. The Plaintiff purports to be a lawyer and is bound by the procedural requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. He has neither sought nor obtained leave to amend the Amended Complaint to state such claims.

## A.   RICO Claims

The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Sedima SPRL v. Imrex Co.*, 473 U.S. 479, 496 (1985). As to the third and fourth elements, a plaintiff must prove by a preponderance of the evidence "at least two [predicate] acts of racketeering activity" within ten years. 18 U.S.C. § 1961(5). Racketeering activity includes a variety of federal and state criminal offenses. 18 U.S.C. § 1961(1).

The Plaintiff has not come forward with evidence sufficient to state a *prima facie* claim even in the absence of a response by the Defendants. Plaintiff identifies no specific predicate offense that constitutes racketeering and he fails to provide evidence of specific conduct that might

---

[3]   The Plaintiff has previously filed two motions for reconsideration of the Court's order granting the Defendants' motion to add parties (**## 182, 189**). The Court has denied these motions for failure to identify any grounds for reconsideration under Rule 60(b) (**# 193**).

fit within the scope of a predicate offense.   Instead, he alleges in conclusory form that the

Defendants engaged in "fraudulent concealment" and "fraud and deceit".   Neither of these fall

within the list of predicate offenses listed in 18 U.S.C. § 1961.   (# **43 at 34, 45**.)

Focusing on the evidence supporting the complained of conduct, it is that:

- The Defendants did not contest the estate of Dorothy Rice Wisehart (# **127 at 25**).

- Arthur Dodson Wisehart executed a document relating to the Trust in violation of state
  law (# **127 at 26**).

- Arthur Dodson Wisehart opened an account in the name of the Trust without a court
  order (# **127 at 28**).

It is not clear how these facts would establish either "racketeering activity" or a pattern that is

required to state a RICO claim.

The recognized predicate offenses closest to those alleged by the Plaintiff would be mail or

wire fraud, but as to each a plaintiff must establish the common-law elements of fraud under the

applicable state law.   *See Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006).   In Colorado, that

requires proof that "(1) the defendant made a false representation or omission of a material fact; (2)

the defendant knew the representation to be false; (3) the person to whom the representation did

not know it to be false; (4) the representation was made with the intention that it be acted upon; and

(5) the reliance resulted in damage to the plaintiff."   *Bristol Bay Prods. LLC v. Lampack*, 312 P.3d

1155, 1160 (Colo. 2013).

Here, the Plaintiff offers no evidence relevant to these elements.   Failing to contest an

estate proceeding, signing a document, and opening an account do not constitute a representation

or omission upon which the Plaintiff relied.   To the extent that such actions were improper, the

appropriate remedy would arise under state law, not in the form of a federal RICO claim.   The

Plaintiff has failed to establish these elements such that judgment as a matter of law is appropriate.

In addition, the Plaintiff has not come forward with any evidence establishing a "pattern" of racketeering activity.   Proof of a pattern requires demonstration of not only two or more predicate acts, but also that they are related and pose at least a threat of continued criminal activity. *Gotfredson v. Larsen LP*, 2006 WL 1331469 at \*6 (D. Colo. Mar. 9, 2006).   Although the Court appreciates that the Plaintiff objects to the Defendants' conduct, the conduct identified is insufficient to establish a pattern of predicate acts or pose a threat of future criminal activity.

Because the Plaintiff has failed to establish his RICO claims, summary judgment in his favor is inappropriate.

**B.   Going Forward**

Federal Rule of Civil Procedure 56 allows the Court to consider entry of summary judgment independent of a motion "identifying for the parties material facts that may not be genuinely in dispute".   Fed. R. Civ. P. 56(f)(3).   Based on the current showing, the Plaintiff lacks sufficient evidence to proceed on any of the claims brought.   In accordance with Fed. R. Civ. P. 56(f), the Court hereby gives notice that judgment will be entered against the Plaintiff unless he can come forward with evidence sufficient to establish a *prima facie* case for each of his claims, including his claim for unjust enrichment.

**V.   CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to for Summary Judgment (# **127**) is **DENIED**.   The Plaintiff has 21 days from the date of this order to submit admissible evidence sufficient to support all claims, failing which judgment will be entered against him. If the Plaintiff submits evidence, the Defendants shall have 14 days thereafter to respond.

Dated this 5th day of March, 2019.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned plaintiff hereby certifies that a true copy of the aforesaid document, was served upon attorney Mark Apelman as the attorney for defendants ARTHUR DODSON WISEHART, a/k/a ARTHUR D. WISEHART, ARTHUR WISEHART, ART WISEHART, WISEHART SPRINGS INN, a/k/a WISEHART SPRINGS INN, INC., AND CHARLES WINSTON WISEHART, a/k/a C. WINSTON WISEHART, this 6th day of March, 2019, by United States Mail, postage pre-paid, to attorney Mark Apelman at address of his law office that is set forth below:

Boyle/Apelman PC
1660 Lincoln Street
Suite 1510
Denver, CO 80264

Arthur McKee Wisehart
299 Court Street
Hoboken, New Jersey 07030

Plaintiff *Pro Se*