**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 18-CV-0021-MSK-NYW

**ARTHUR MCKEE WISEHART,**

     **Plaintiff,**

*v.*

**ARTHUR DODSON WISEHART,
WISEHART SPRINGS INN, and
CHARLES WINSTON WISEHART,**

     **Defendants.**

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
FOR JUDICIAL NOTICE AND FOR RECONSIDERATION AND ENTERING
JUDGMENT IN FAVOR OF DEFNDANTS**

---

**THIS MATTER** comes before the Court both *sua sponte*.

Only a brief summary of the proceedings is necessary. The Plaintiff commenced this action against his sons, alleging claims under the RICO Act and for common-law unjust enrichment, arising out of a dispute over the ownership of the Wisehart Springs Inn in Paonia, Colorado. Extensive proceedings ensued, but on March 5, 2019, this Court issued an Opinion and Order on Motion for Summary Judgment (**# 196**), denying the Plaintiff's motion for summary judgment and finding, pursuant to Fed. R. Civ. P. 56(f), that judgment should be entered in favor of the Defendants on all claims. The Court gave the Plaintiff 21 days from the date of that Order "to submit admissible evidence sufficient to support all claims, failing which judgment will be entered against him."

On March 25, 2019, the Plaintiff filed a 23-page "Response" (**# 202**) to the Court's

Order.   That Response is mostly concerned with arguing that the Court's March 5, 2019 Order is incorrect, or with re-arguing issues that the Plaintiff previously presented in his motion and which the Court rejected.   The Plaintiff's Response does not purport to produce any new evidence[1] or respond to the specific defects in his proof as recited by the Court's March 5 Order. The Defendants filed a response (**# 203**) to the Plaintiff's Response, and the Plaintiff filed a reply (**# 204**) that is primarily concerned with attacking the Defendants' counsel and discussing other irrelevant matters.   Because the Plaintiff has not come forward with evidence in support of his claims in this case, despite having been advised pursuant to Fed. R. Civ. P. 56(f) of the need to do so, the Court is prepared to enter judgment in favor of the Defendants on all claims.

Before doing so, however, the Court pauses to address two remaining matters.   On November 15, 2019, the Plaintiff filed a "Motion for Judicial Notice" (**# 206**).   That motion asks to the Court to take judicial notice of the fact that one of the Defendants, Arthur Dodson Wisehart ("Dodson") filed an affidavit in a related state court proceeding on September 19, 2019. The Plaintiff goes on to argue that Dodson's affidavit conceals certain facts relating to a <u>different</u> affidavit submitted by Dodson in a different case in 2017 that, the Plaintiff alleges, is inconsistent with the 2019 Dodson affidavit.   The Plaintiff does not attach a copy of the 2017 affidavit.   The Plaintiff concludes the motion by arguing that the 2019 Dodson affidavit

---

1        The Plaintiff states that "the *prima facie* evidence upon which the plaintiff relies in his Summary Judgment Motion, and also the other *prima facie* evidence relied upon by the plaintiff includ[es], but [is] not limited to" a listing of 16 docket numbers with no further elaboration. Those docket numbers correlate, variously, to prior motions or briefs by the Plaintiff (*e.g.* Docket #97, the Plaintiff's Motion to Strike a defense motion; Docket # 99, the Plaintiff's Motion to Strike the Defendants' Answer; Docket # 119, a reply brief in support thereof); a text order by the Court (Docket # 114); a proposed scheduling order (Docket # 143), among others.   Only a handful of these filings purport to supply evidentiary material (rather than argument), and in every case, the attached evidentiary material is irrelevant to the issues raised by the Court in its March 5 Order.

"constitutes *prima facie* evidence of fraud and/or criminal/racketeering activities," ostensibly supporting the Plaintiff's RICO claim here.

Fed. R. Evid. 201(b)(1), (2) allows the Court to take judicial notice of facts that are "generally known within the court's territorial jurisdiction" or those facts that "can be accurately and readily determined from sources whose accuracy cannot be questioned." The fact that the 2019 Dodson affidavit was filed in the state court case might be a fact that can be "readily determined" from accurate sources – namely, the state court's docket – and it may even be that the fact that the Dodson affidavit attached to the Plaintiff's motion is an accurate representation of that state court filing might be facts that the Court can judicially notice.   But the mere existence of the 2019 Dodson affidavit, on its own, is not probative.   By the Plaintiff's own argument, the 2019 affidavit must be compared to the 2017 affidavit in order to reveal certain discrepancies, and even further facts must be adduced to demonstrate that those discrepancies would be probative of the Plaintiff's RICO claim.   Because the Plaintiff has not come forward with the additional evidence necessary to make the 2019 Dodson affidavit relevant, the Plaintiff's request that the Court take judicial notice of the 2019 affidavit requests an action that is largely meaningless.   Nevertheless, the Court will grant the Plaintiff's motion for the limited purpose of taking judicial notice that the Dodson affidavit was filed in Delta County on September 29, 2017, and that the copy of the affidavit attached to the Plaintiff's motion is a true and accurate copy of that affidavit. The Court disregards everything else stated in the Plaintiff's motion regarding alleged inconsistencies between the 2019 Dodson affidavit and any other document, and disregards all argument proffered by the Plaintiff in the motion. The limited judicial notice taken by the Court does not fundamentally alter the conclusion above that the Plaintiff has failed to come forward with evidence sufficient to support his claims in this action

as directed by the March 5, 2019 Order.

Second, on January 9, 2020, the Plaintiff filed a Motion to Vacate (# 209) the Court's March 5, 2019 Order.   The motion largely re-argues the same points that the Plaintiff previously presented in his summary judgment motion (that the Court rejected), adding only a conclusory assertion that the 2019 Dodson affidavit operates as some sort of "admission" by Dodson to unspecified conduct.   The Court construes this motion as one seeking reconsideration under Fed. R. Civ. P. 60(b)(2), ostensibly because the 2019 Dodson affidavit constitutes "newly discovered evidence."[2]   Even giving the Plaintiff the maximum benefit of the doubt, the mere existence of the 2019 Dodson affidavit does not amount to sufficient evidence to establish a *prima face* claim of a RICO Act violation or unjust enrichment.   As noted above, the Court takes notice solely of the fact that the 2019 Dodson affidavit exists.   The Plaintiff argues vigorously that, when juxtaposed against some other document, the 2019 affidavit gains probative value, but the Plaintiff has not produced that other document, much less demonstrated that there are inconsistencies between the two documents, much less demonstrated that those inconsistencies are material, much less demonstrated that those material inconsistencies support a conclusion that the Defendants have violated the RICO Act in some way or been unjustly enriched.   And the Plaintiff has been given an ample opportunity to make such a showing.   Despite more than a year having passed since the March 5, 2019 Order, the Plaintiff is no closer to demonstrating that he can establish a colorable claim in this case.   Thus, summary judgment in favor of the Defendants is warranted.

---

2      To the extent the motion can be understood to assert some other basis for relief, the Court would find both that the Plaintiff has not brought the motion in a timely manner as required by Rule 60(c), and that, in any event, the motion simply re-argues matters that were previously presented to and rejected by the Court.   *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Plaintiff's Motion for Judicial Notice **(# 206)**, as set forth herein.   The Court **GRANTS IN PART AND DENIES IN PART** the Plaintiff's Motion for Reconsideration **(# 209)**, insofar as the Court has reconsidered its March 5, 2019 Order in light of the Plaintiff's production of the 2019 Dodson affidavit, but finds that the reasoning and outcome of the March 5 Order are not altered by the existence of that affidavit.   The Plaintiff, having been provided with notice of the Court's intention to enter summary judgment against him pursuant to Fed. R. Civ. P. 56(f), and having having been given an opportunity to submit evidence, has failed to come forward with evidence that demonstrates a triable issue of fact supporting his RICO Act and unjust enrichment claims in this case.   Accordingly, the Court grants summary judgment to the Defendants on all claims in this case.   The Clerk of the Court shall enter judgment in favor of the Defendants on all claims and shall close this case.

Dated this 14th day of May, 2020.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge